IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>            )<br>       Plaintiff,        )<br>            )<br>   v.        )<br>            )<br>JEFFREY SHAFER,        )<br>            )<br>       Defendant.        )<br>            ) | 8:03CR424<br><br>SENTENCING MEMORANDUM |

This matter is before the court for resentencing pursuant to the opinion of the Eighth Circuit Court of Appeals remanding this case pursuant to *United States v. Booker,* 543 U.S. 220 (2005). Filing No. 89; *United States v. Shafer*, 438 F.3d 1225 (8th Cir. 2006). This sentencing memorandum supplements findings made on the record at sentencing hearings on June 12, 2006, and June 14, 2006.

   I.  BACKGROUND

Defendant Jeffrey Shafer and a co-defendant, John Stevenson, were indicted on charges of child exploitation in violation of 18 U.S.C. § 2251(a) and 2. The Indictment charged that in May 2000, they had induced a female under the age of eighteen to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in the form of a digital video. Filing No. 1. The statutory range of imprisonment for a conviction for child exploitation was ten to twenty years at the time of the offense. 18 U.S.C. § 2251(d). Pursuant to a plea agreement, Shafer later waived indictment and entered a plea of guilty to conspiracy in violation of 18 U.S.C. § 371, which provides for a term of imprisonment of up to five years. Filing Nos. 46, Plea Agreement & 40, Information.

This action is related to an indictment filed in the United States District Court for the Southern District of Iowa against Kevin Michael Dieatrick. *See United States v. Dieatrick*, No. 4:02-cr-259 (hereinafter, "the Dieatrick case"), Filing No. 1, Indictment. Dieatrick was charged with exploitation of a minor for creating the videotape at issue in this case, as well as other visual depictions of pornography. *Id.* Shafer and Stevenson were scheduled to testify for the government in the Iowa case. *Id.,* Filing No. 58, Witness List. Dieatrick, however, entered a plea of "guilty" to the offense on the eve of trial, obviating the need for Shafer's and Stevenson's testimony.[1] *Id.,* Filing No. 70. At Dieatrick's sentencing, the court accepted a stipulation between the government and Dieatrick that defendant's base offense level was 31 and his criminal history category was I, resulting in a sentencing guideline range of 108 to 135 months. *Id.,* Filing No. 80. However, since he was subject to a mandatory minimum sentence of 120 months under the child exploitation statute, his advisory guideline range was 120 to 135 months.

The government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), in recognition of Dieatrick's assistance in the prosecution of Shafer and Stevenson.[2] *See* Filing No. 100, Joint List of Exhibits, Resentencing Hearing Exhibit ("Resent. Hr'g Ex.") 106, Dieatrick's brief on appeal at 12. The government suggested a sentence of 96 months, whereas Dieatrick requested a sentence of 48 months. *Id.* at 11. Dieatrick was sentenced to 72 months. *Id.* He appealed that sentence, arguing, *inter alia*, that the district court failed to consider requests by both the victim and

---

[1] There is no serious dispute that Shafer and Stevenson provided substantial assistance to the government in the case against Dieatrick, and their cooperation provided the impetus for Dieatrick to enter an eventual guilty plea.

[2] Dieatrick's cooperation was not essential to the government's case, since both defendants had given statements implicating themselves and each other.

2

her mother for leniency. *Id.* at 5, 11. Dieatrick's sentence, including the 48-month (or 40%) downward departure, was affirmed as reasonable. *United States v. Dieatrick*, No. 05-1279, slip op. at 2 (8th Cir. July 12, 2006) (per curiam) (unpublished).

Shafer and Stevenson were then prosecuted in this district. Cognizant of the departure granted to Dieatrick, and in view of the relative culpability of the other defendants, the government entered into plea agreements with Shafer and Stevenson that provided that the exploitation of a minor charge would be dismissed in exchange for pleas of guilty to conspiracy charges, thus lowering the defendants' statutory sentencing exposure from a minimum of ten years to a maximum of five years.  See Filing No. 84, Transcript of Stevenson Sentencing Hearing ("Stevenson Sent. Hr'g Trans.") at 17-18.  In Shafer's plea agreement, the parties further agreed, pursuant to Rule 11(c)(1)(C), that Shafer's base offense level was 27 and that he was to receive a three-level adjustment for acceptance of responsibility, resulting in a final adjusted offense level of 24.  Filing No. 46, Shafer Plea Agreement.  Stevenson and the government agreed that Stevenson's base offense level was 27 and that he was to receive a three-level adjustment for acceptance of responsibility as well as a three-level reduction for his role in the offense, resulting in a final adjusted offense level of 21.  Filing No. 36, Stevenson Plea Agreement.

Presentence investigation reports ("PSRs") were prepared by the United States Probation Office (the "Probation Office") for both defendants.  Filing No. 81, Shafer PSR; Filing No. 84, Stevenson Sent. Hr'g Trans. at 3 (referring to unfiled PSR).  The Probation Office found Shafer's base offense level was 27, but added a two-level adjustment because the victim was between the ages of twelve and sixteen.  Filing No. 81, Shafer PSR at 7.  After a three-level adjustment for acceptance of responsibility, Shafer's final adjusted offense level was 26.  *Id.*  Shafer was assessed four criminal history points under

3

U.S.S.G. § 4A1.1(c), resulting in criminal history category III. *Id.* at 8-10. His criminal history included convictions for driving under suspension, theft and driving while intoxicated. *Id.* Accordingly, the Probation Office calculated Shafer's sentencing range to be 78 to 97 months. *Id.* at 14. Because Shafer's sentence was limited to the statutory maximum of five years, the Probation Office found Shafer's guideline sentence was 60 months. *Id.*; U.S.S.G. § 5G1.1(a). The Probation Office found co-defendant Stevenson's final adjusted offense level was 23. At Stevenson's sentencing, the court sustained an objection to the PSR based on the 11(c)(1)(C) agreement. Stevenson Sent. Hr'g Trans. at 5-7. Further, the court noted that if the guidelines were mandatory, it would have granted Stevenson's motion for downward departure under U.S.S.G. § 5K2.20 for conduct that was a single aberrant act. *Id.* at 18. The court consequently found that Stevenson's guideline offense level was 21. At criminal history category I, Stevenson's guideline range was 37 to 46 months. Applying the factors set out in 18 U.S.C. § 3553(a), the court sentenced Stevenson to 12 months and one day. His sentence was not appealed.

Shafer was originally sentenced to 48 months imprisonment, to run concurrently with a sentence of 36 months that had been imposed in Kansas for an unrelated crime.[3] On appeal, Shafer's federal sentence was reversed as unreasonable. *See Shafer*, 438 F.3d at 1227. The Appeals Court found that the statutory maximum of sixty months was presumptively reasonable because the low end of Shafer's guideline calculation exceeded the statutory maximum. *Id.* at 1227-28. It further found that the district court had not

---

[3]Shafer was sentenced to 36 months incarceration in Kansas for theft of a large water jug full of coins. Because the amount exceeded $1,500, Shafer was convicted of a felony. Filing No. 100, Resentencing Hr'g Ex. 108.

provided reasons for what amounted to a 70% variance from the guidelines sentence.[4]  *Id.* at 1227.  The action was remanded for resentencing.  *Id.*

At the resentencing hearing, the government conceded that no adjustment by reason of the age of the victim should apply under Shafer's plea agreement.  Shafer moved for a downward departure as well as a variance from the guideline sentence.  The government urged imposition of a consecutive sentence that amounted to roughly half of Dieatrick's sentence, or 36 months.  Shafer, on the other hand, argued that he should be sentenced to twice as much time as his co-defendant Stevenson, or 24 months.

Evidence adduced at the resentencing hearing shows that the victim was close to sixteen at the time of the incident.  Resent. Hr'g Exs. 102 & 103, Investigative Reports.  The evidence shows that Dieatrick was the instigator of the conspiracy and produced numerous other sexually explicit visual depictions of the minor, other minors, and adults over a period of several years.  See Resent. Hr'g Ex. 101, Government trial brief in Dieatrick case.  Moreover, Dieatrick continued to engage in a sexual relationship with the minor for several years, until his arrest.  *Id.*

Shafer readily confessed to the crime when questioned by law enforcement officers. Ex. 104.  Shafer voluntarily removed himself from the conspiracy because he "wasn't comfortable."  *Id.*  Shafer provided significant assistance to the government in the prosecution of Dieatrick, including traveling to Des Moines, Iowa, to testify.  Dieatrick's assistance, in contrast, was not necessary to the government's case against Shafer because he had confessed his involvement.  The evidence also establishes that Shafer committed the offense for which he was convicted in Kansas before he was indicted in this

---

[4]The court arrived at this figure by calculating that Shafer would spend only 18 more months in prison than he would serve under the Kansas sentence, and comparing the length of that sentence to the 60-month presumptively reasonable advisory guidelines sentence.

case, rather than while on release from federal custody. The Kansas offense was committed in the summer of 2000 and he was arrested on the Kansas charge in July or August 2003. *See* Filing No. 81, Shafer PSR. He was indicted and made his first appearance in federal court in the fall of 2003. Filing No. 1, Indictment; Filing No. 4, Initial appearance.

## II. DISCUSSION

After *Booker,* there are essentially three steps to determining an appropriate sentence: first, the district court should determine the applicable sentencing guidelines range without consideration of any guidelines departure factors; second, the district court, where appropriate, should consider the departure provisions in the guidelines, and the resulting range is the advisory guidelines range; third, the court should consider the rest of the statutory sentencing factors under 18 U.S.C. § 3553 to determine whether to impose the guidelines sentence, as ascertained in the prior steps, or a non-guidelines sentence driven by the other statutory considerations. *United States v. Sitting Bear,* 436 F.3d 929, 934-35 (2006). The appropriate sentencing range under the guidelines remains an important sentencing factor. *United States v. Haack,* 403 F.3d 997, 1002–03 (8th Cir.), *cert. denied*, 126 S. Ct. 276 (2005). The guidelines range is "the critical starting point in imposing a sentence." *United States v. Mashek*, 406 F.3d 1012, 1016 (8th Cir. 2005).

A district court may grant a general downward departure pursuant to § 5K2.0 if it determines that a mitigating circumstance, either in kind or to a degree, was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and the case falls outside the heartland of cases covered by the guidelines. U.S.S.G. § 5K2.0; *United States v. Bueno*, 443 F.3d 1017, 1024 (8th Cir. 2006). It can "depart without abusing its discretion if the case [is] 'unusual enough for it to fall outside the heartland of

cases in the Guideline' at issue, based on whether the Sentencing Commission had forbidden, encouraged, or discouraged consideration of certain relevant facts." *United States v. Hadash,* 408 F.3d 1080, 1083 (8th Cir. 2005) (*citing Koon v. United States,* 518 U.S. 81, 98-100 (1996)).

The district court's reasonableness determination will be reviewed for abuse of discretion. *United States v. Medearis*, — F.3d —, 2006 WL 1736387, *1 (8th Cir. June 27, 2006). A sentence within the guidelines range is presumptively reasonable, but "it does not follow that a sentence outside the guidelines range is unreasonable." *United States v. Myers,* 439 F.3d 415, 417 (8th Cir. 2006). A nonguidelines sentence "may be unreasonable if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." *Haack*, 403 F.3d at 1004.

Although a sentence within the applicable guideline range is presumptively reasonable, in certain "highly unusual circumstances," a defendant may rebut the presumption of reasonableness. *Medearis*, 2006 WL 1736387 at *2 (stating that "to consider the guidelines is not to be ruled by them"). District courts <u>must</u> vary from the guidelines range where other § 3553 factors would render a sentence within the guidelines range unreasonable. *Id.* (emphasis added). A district court must nevertheless justify a sentence outside the guidelines range on the basis of the factors listed in 18 U.S.C. § 3553(a). *Id.* As the size of a variance from the advisory guidelines sentence grows, so too must the reasons that warrant it. *Id. (citing United States v. Larrabee*, 436 F.3d 890, 892 (8th Cir. 2006)). However, factors that were discouraged or prohibited departure factors

under the mandatory guidelines may be considered in applying the § 3553(a) factors under *Booker*. *United States v. Lazenby*, 439 F.3d 928, 933 (8th Cir. 2006).

One of the highly unusual circumstances that will support a nonguidelines sentence is the existence of unwarranted sentence disparities between defendants who have been found guilty of similar conduct. *See United States v. Krutsinger,* 449 F.3d 827, 830 (8th Cir. 2006) (recognizing that "'there may be situations where sentencing factors may be so complex, or other § 3553(a) factors may so predominate, that the determination of a precise sentencing range may not be necessary or practical'") (*quoting United States v. Haack*, 943 F.3d at 1003); *Lazenby,* 439 F.3d at 933 (noting that *Booker* gives district courts the discretion to cure an injustice such as that caused by co-defendant stipulations to differing quantities of drugs that are not supported by the facts). Also, post-*Booker*, the court can consider a defendant's cooperation even in the absence of a motion for a U.S.S.G. § 5K1.1 departure. *Id.* (stating that a prosecutor's "evaluation of the cooperation factor remains critical, but is less controlling").

III. ANALYSIS

1. Guidelines calculation

The binding plea agreement between the government and Jeffrey Shafer establishes that Shafer's adjusted base offense level is 24. Shafer's criminal history category was calculated as III in the PSR. Defendant did not object to the criminal history calculations in the PSR. Therefore, pursuant to the binding Rule 11(c)(1)(C) plea agreement, the court finds that Shafer's adjusted base offense level is 24, which a criminal history category III, results in a sentencing range of 63 to 78 months. The court notes that,

absent the binding plea agreement, the facts in this case would support an adjustment to Shafer's offense level by reason of his role in the offense.[5]

Shafer moved for a downward departure under U.S.S.G. § 5K2.0. He contends that the facts in this case, in view of the unusual procedural posture of the case, present a situation "outside the heartland" of cases contemplated by the Sentencing Commission in formulating the guidelines on inducing minors to engage in sexually explicit conduct for the purpose of producing a visual depiction thereof. He further argues that the cooperation afforded by Shafer would ordinarily entitle him to a downward departure for substantial assistance if it were not for the unusual situation presented by the fragmented prosecution of this case.

The court finds that a departure under U.S.S.G. § 5K2.0 would be applicable in this case under the formerly-mandatory guidelines.[6] Such a departure is warranted by Shafer's cooperation, the severity of the crime in relation to the vulnerability of the victim as

---

[5]Shafer's co-defendant Stevenson received a three-level adjustment for his role in the offense, reflecting a role between minor and minimal. Stevenson's role was only marginally less involved than Shafer's. In contrast, Dieatrick was the "ringleader" of the enterprise and arguably deserved an upward adjustment for his role in the offense. As compared to Stevenson and Dieatrick, Shafer's conduct warrants a two-level adjustment as a minor participant in the conspiracy. He participated in only one incident in an enterprise that continued for several years. He voluntarily extricated himself from the conspiracy and cooperated with law enforcement. His co-conspirator Dieatrick conducted the enterprise involving visual depictions of pornography for over four years, recruiting other minors and adults. Dieatrick also continued to engage in a long-term sexual relationship with the minor. In the context of the overall conspiracy, Shafer's conduct can be considered minor when compared to the acts of the other conspirators.

[6]Alternatively, the court could also find Shafer entitled to a departure for aberrant behavior, and would do so if it had not departed downward under U.S.S.G. § 5K2.0. There is no evidence that Shafer participated in other pornography-related conduct in the years between the incident at issue and his arrest. He voluntarily declined to further participate in the conduct in furtherance of the conspiracy. Co-defendant Stevenson was effectively granted a departure due to aberrant behavior under U.S.S.G. § 5K2.20. To be entitled such a departure, the offense must have been a single criminal occurrence or transaction that was committed without significant planning, was of limited duration, and represented a marked deviation by the defendant from an otherwise law-abiding life. U.S.S.G. § 5K2.20, cmt. n. 1. If Stevenson's conduct were to warrant this departure, so would Shafer's. The court would impose the same sentence in any event.

compared to other cases of this sort, and by the prosecution of this case in different jurisdictions.

      2. Section 3553(a) factors

To determine a reasonable sentence, the court must first consider the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1). The court is aware that Shafer's crime is serious. However, the fact that the minor involved was approaching the age of sixteen and was relatively sophisticated lessens the severity of the crime as compared to exploitation of younger victims. Also, the court notes that the sexual acts involved did not involve violence, brutality, force, or coercion. In addition, the court considers the peculiar situation presented by the fact that the victim has continued to engage in a consensual sexual relationship with Dieatrick into her adulthood and the victim's mother approves of the relationship.

Moreover, Shafer's participation in the enterprise was short-lived and Shafer's criminal history does not involve other crimes of this nature. The court further notes that Shafer's criminal history is not especially troubling. Although the record shows that Shafer has had numerous contacts with law enforcement, most involved property crimes of low value and, did not involve crimes of violence or crimes against the person. In comparison to the criminal histories of Stevenson and Dieatrick, Shafer's prior conduct is not such that it deserves an assigned category that is two full levels above those of the other defendants.

Shafer was assessed two criminal history points for driving under suspension. He was sentenced on both occasions to exactly one year of probation. The length of Shafer's sentences are borderline for assessment of criminal history points. Shafer was also assessed two criminal history points for theft: one for fourth-degree theft, which is theft of an item valued between $200 and $500 and is a "serious misdemeanor" under Iowa law;

and one for fifth-degree theft, which involves a value under $200 and is a simple misdemeanor under Iowa law.[7] *See* Iowa Code § 714.4 & 714.5. Shafer's convictions include driving while intoxicated, for which he was sentenced to two days in jail and fined $1,000 (with $500 of that amount waived), procuring alcohol for a minor, false reporting, and theft, for all of which he was only fined. Shafer's criminal history is only slightly more serious than the histories of Dieatrick and Stevenson, and warrants an increase in his sentence that would approximate a one-level increase under the guidelines.

In consideration of the nature of the offense and the characteristics of the defendant, the court finds that a sentence of 24 months, consecutive to the sentence Shafer is presently serving, is reasonable in this case.

The court must also consider the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.S.G. § 3553 (a)(2)(A). The sentence must also afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training or treatment. 18 U.S.S.G. § 3553 (a)(2)(B)-(D). The court finds the consecutive 24-month sentence will adequately address these objectives. The additional period of imprisonment promotes respect for the law and provides just punishment for the offense. Notably, Shafer has already served a substantial amount of time for the unrelated state offense. As a result, he will be incarcerated for a total of at least 85% (15% good time in Kansas and the Bureau of Prisons) of five years from roughly the date of his arrest in this case. Also,

---

[7]Notably, the two cases were consolidated for sentencing, and thus could arguably be considered related unless separated by an intervening arrest under the guidelines. *See* U.S.S.G. § 4A1.2, comment., n.3. The record does not indicate whether the incidents were in fact separated by an arrest.

because Shafer has not engaged in any other conduct involving exploitation of minors, the sentence will adequately protect the public from further crimes by the defendant.

The court must also consider the kinds of sentence available and the applicable category of offenses and category of defendant as set forth in the United States Sentencing Guidelines, and any policy statements promulgated thereto.  18 U.S.C. § 3553(a)(3)-(4); *Booker*, 543 U.S. at 259-60.  As discussed above, the court has calculated Shafer's guideline sentence and considers that advisory sentence as a reasonable starting point for its sentencing analysis.

Another factor the court must address is the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct and the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a)(6) & (7).  The need to avoid disparities between defendants who have been found guilty of similar conduct predominates in this case.  *See, e.g., Lazenby,* 439 F.3d at 933*; Krutsinger,* 449 F.2d at 830.  The disparity in sentencing in this case, as in *Krutsinger* and *Lazenby*, was the result of the unusual procedural posture of the case.  The separate prosecutions of the three defendants in two different districts by different prosecutors produced an unusual result.  The most culpable of the three conspirators was granted a large reduction in his sentence by virtue of providing information on his less guilty cohorts.  Notably, the more culpable defendant's assistance was not necessary  to the government's case against the less guilty defendants, while the cooperation afforded by the less culpable defendants was integral to the government's resolution of its case against the most culpable defendant. Dieatrick reaped the benefit of a 40 percent reduction in his sentence by reason of his meager assistance.  Although the plea agreement in this case afforded Shafer some benefit, the court finds the reduction afforded by the plea to the information alone does not

12

fully account for the significantly lower level of participation by and culpability of Shafer vis-a-vis Dieatrick. A sentence of 24 months reflects the application of a reduction in Shafer's sentence that approximates the reductions granted to the co-conspirators. Shafer's Kansas sentence also factors into this analysis. The highly unusual circumstance of the sentencing disparities between defendants engaging in similar conduct in this case rebuts the presumption that a sentence of 60 months is reasonable. To sentence this defendant to a sixty-month consecutive sentence would trivialize the substantially more egregious conduct of co-defendant Dieatrick, based only on the vagaries of prosecution.

An amended judgment and commitment and statement of reasons in accordance with this sentencing memorandum will issue this date.

DATED this 2nd day of August, 2006.

BY THE COURT:

s/Joseph F. Bataillon
United States District Judge